### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE

LOUISVILLE GAS AND ELECTRIC COMPANY                    PLAINTIFF

vs.                                                  NO. 3:20-CV-688-CRS

ISAAC W. BERNHEIM FOUNDATION, *et al*.                  DEFENDANTS

#### MEMORANDUM OPINION

This matter is before the Court on Defendant U.S. Fish and Wildlife Service's ("USFWS")
motion for severance and partial remand.  DN 7.  Isaac W. Bernheim Foundation ("Bernheim")
and Louisville Gas and Electric Company ("LG&E") filed responses.  DN 11; DN 10.  USFWS
replied.  DN 12.  This matter is now ripe for adjudication.  For the reasons discussed below, the
motion will be granted by separate order.

### I.  BACKGROUND

This matter began in July 2019 when LG&E filed a condemnation action in Bullitt County,
Kentucky Circuit Court seeking an easement across property owned by Bernheim for the purpose
of constructing a natural gas pipeline.  DN 10 at 2.  In addition to naming Bernheim, LG&E also
named as defendants Kentucky Heritage Land Conservation Fund ("KHLCF"), which holds a
conservation easement on the property, and Eastern Kentucky Power Cooperative ("EKPC"),
which has an easement for above-ground electric transmission lines on the property.  *Id.*  In a
motion to dismiss, Bernheim and KHLCF argued that USFWS is an indispensable party to the
action due to language in Bernheim's deed to the property.  The relevant portion of the deed reads
as follows:

> This Property was partly acquired with funds provided to [Bernheim] by the
> Imperiled Bat Conservation Fund and is intended to provide and conserve habitat

1

> in perpetuity for the Indiana bat and/or northern long-eared bat.  The Property will be managed for this purpose, in accordance with applicable federal and state law.  The Property may not be encumbered or disposed of in any manner or used for purposes inconsistent with this purpose, without the prior written approval of the U.S. Fish and Wildlife Service's Kentucky Field Office.

*Id.* at 2–3.

In an order of the Bullitt Circuit Court, Judge Rodney Burress found that USFWS "may have some interest in the property" based on the above language.  DN 1-2 at 4.  In accordance with this finding, the court ruled that USFWS is an indispensable party to the action under Kentucky Rule of Civil Procedure 19.01 and that the agency "should be required to come forth and assert its interest, if any."  *Id.*  Subsequently, LG&E filed an amended complaint naming USFWS as a defendant, stating that USFWS "should answer and state its interest in the subject matter of this action, or forever be barred from doing so."  DN 1-1 at 16.  After being named as a defendant, USFWS removed the entire action to federal court, stating several different bases for the Court's jurisdiction.  DN 1 at 1–2.  USFWS filed an answer in which it states, "[T]he United States admits that it has an interest in the property at issue in this action to prevent encumbrance, disposal or use inconsistent with protection and conservation of the habitat of the Indiana bat and/or northern long-eared bat."  DN 8 at 2.  Now, USFWS requests that the Court sever LG&E's claims against the remaining defendants and remand them to state court.  DN 7.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 21 provides that this Court may "sever any claim against a party."  Fed. R. Civ. P. 21.  "Applying this standard, the court has virtually unfettered discretion in determining whether or not severance is appropriate."  *Grigsby v. Kane*, 250 F. Supp. 2d 453, 456 (M.D. Pa. 2003) (citing *Rodin Props.-Shore Mall, N.V. v. Cushman & Wakefield of Pa., Inc.*, 49 F. Supp. 2d 709, 721 (D.N.J. 1999)).

2

## III. ANALYSIS

The substance of this action belongs in state court.  That substance is whether LG&E, a Kentucky corporation, may take an easement across a tract of land owned by Bernheim, also a Kentucky resident, under statutorily delegated powers of eminent domain pursuant to Kentucky law.  *See* Ky. Rev. Stat. Ann. § 278.502 (delegating power of eminent domain to utility companies for the purpose of obtaining property rights necessary for construction and maintenance of pipelines).  The authorities indicate that whatever purported interest USFWS may have in the property, as the product of a deed restriction contained in an instrument to which USFWS is not a signatory, it would not be superior to LG&E's exercise of the power of eminent domain if the proposed taking is found to be valid.  *See McLean v. Thurman*, 273 S.W.2d 825, 830 (Ky. 1954) ("[O]f course no restriction is superior to the right of eminent domain."); *Ashland-Boyd Cty. City-County Health Dep't v. Riggs*, 252 S.W.2d 922, 925 (Ky. 1952) (holding that state and local governments are bound by deed restrictions "the same as a private person, subject, however, to the exercise of power of eminent domain"); *Smith v. Tygrett*, 302 S.W.2d 604, 605 (Ky. 1956) ("The power of eminent domain is not susceptible of abridgment or impairment by contracts of private parties.").  USFWS's prerogative to grant or deny permits pursuant to the Endangered Species Act may ultimately affect LG&E's ability to carry out their proposed pipeline project.  But, according to the Court's interpretation of Kentucky law and the relevant language in the deed, the Court makes the tentative conclusion that neither USFWS's right of approval contained in the deed nor its role in granting or denying necessary permits appear to have any bearing on whether LG&E may lawfully condemn the proposed easement.  *See Jent v. Ky. Utils. Co.*, 332 S.W.3d 102, 106 (Ky. Ct. App. 2010) (holding that obtaining necessary permits is not a condition precedent to the exercise of eminent domain so long as there is a "reasonable assurance" that the utility company

3

will "comply with all applicable standards" (quoting *Northern Kentucky Port Authority, Inc. v. Cornett*, 625 S.W.2d 104, 105 (Ky. 1981))).

Since it appears USFWS's purported interest has no bearing on the validity of LG&E's eminent domain claim, the Court finds it appropriate to sever LG&E's claim against USFWS from the rest of the action under the discretion granted to it by Rule 21. As for the remainder of LG&E's claims against the nonfederal defendants, the Court must decide whether to exercise supplemental jurisdiction over these state law issues.[1] For the reasons stated below, the Court will decline to exercise such jurisdiction. Since removal was premised solely on USFWS's involvement in the case, the remainder of the action should be remanded to Bullitt Circuit Court, which, in addition to having already expended considerable resources on these proceedings before USFWS was named as a defendant, has a far greater interest in the resolution of the substantive issues than the do the federal courts, due to the wholly local nature of the case.

28 U.S.C. § 1367 gives federal courts supplemental jurisdiction over certain claims. However, the statute also enumerates four situations in which courts may decline to exercise supplemental jurisdiction:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or

---

[1] In its response, LG&E argues that the supplemental jurisdiction analysis is inappropriate because this case involves only one claim for relief, and "[i]t is impossible to partially remand a single-count complaint." DN 10 at 3–4. Although there is only one claim for relief, the Court instead agrees with USFWS's characterization of the case, that "this condemnation is a *single* action with *multiple* claims against various defendants based on their different interests in the property." DN 12 at 2 (emphasis in original). As USFWS points out, "LG&E could resolve a specific claim against one defendant's interest in the property, but LG&E's claims against the other defendants would remain unresolved." *Id.* This characterization is especially apt given the Court's decision to sever LG&E's claim against USFWS.

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  In this case, (2) and (4) are proper bases for this Court to decline to exercise supplemental jurisdiction.  The Court has original jurisdiction over LG&E's claim against USFWS.  *See* DN 7-1 at 2.  Out of the several potential bases for jurisdiction asserted by USFWS, *see id.*, the one that unquestionably applies is 28 U.S.C. § 1442(a)(1), which allows a federal agency to remove any case to federal court when it is named as a defendant in a state court action. As was the case in *Brown v. Ky. Utils. Co.*, "federal jurisdiction is present [in this case] for reasons wholly unrelated to the merits of any claim, and the vast majority of the claims are based on state law and between non-federal actors."  *Brown v. Ky. Utils. Co.*, No. 3:15-CV-352-GNS, 2015 U.S. Dist. LEXIS 144805, at *8 (W.D. Ky. Oct. 26, 2015).  The substance of LG&E's claims is centered on the property interests of three nonfederal defendants, which was already being litigated in Kentucky state court since July 2019.  The claim against USFWS entered the picture only relatively recently and only at the insistence of the state court.  Therefore, LG&E's claims against those defendants predominate over that against USFWS.

Likewise, there are other compelling reasons for declining jurisdiction.  First, KHLCF may have Eleventh Amendment immunity from being sued in federal court as it is an instrumentality of the Commonwealth of Kentucky.  *See Ladd v. Marchbanks*, 971 F.3d 574 (6th Cir. 2020); *DLX, Inc. v. Kentucky*, 381 F.3d 511 (6th Cir. 2004).  Second, not only does this case turn completely on state law, but it and related pending state court actions are of great local importance.  This case has figured prominently in public discourse since it began in 2019, and Bernheim's grassroots campaigns have cultivated much public interest in the outcome of the case.  Adding to the general public interest, this case has also spawned two appeals in the Kentucky courts relating to questions of the sovereign immunity of a state instrumentality in a condemnation action and the integrity of

the Kentucky Public Service Commission's process in granting LG&E's Certificate of Public Convenience and Necessity for the pipeline project at issue in this case. *See* DN 11 at 3, 6. Lastly, as USFWS points out in its motion, "[T]he Bullitt Circuit Court has substantial experience in this case and these issues between the parties. It has presided over this matter for sixteen months, issuing three rulings on dispositive motions in this matter alone, and it is handling seven companion cases involving other landowners and the same pipeline." DN 7-1 at 11. Keeping in mind the guiding principles of comity, judicial economy, convenience, and fairness, the above reasons weigh against exercising jurisdiction in this case. *See Basista Holdings, LLC v. Ellsworth Twp.*, 710 F. App'x 688, 693 (6th Cir. 2017).

Finally, although Bernheim takes no position on the issues of severance and remand in its response, it does argue that it should be maintained as a defendant in both state and federal court if the action is severed and partially remanded. DN 11 at 7. This Court is only retaining the relatively limited claim of whether and to what extent USFWS has an interest in the subject property. However, in the present context, this claim is wholly dependent upon a ruling from Kentucky state courts on the validity of LG&E's takings claim against the other parties in this case, for if the taking is not valid, then nothing will be left for this Court to decide with respect to USFWS's purported interest in the property. Therefore, due to the contingent nature of LG&E's claim against USFWS, the Court will retain jurisdiction over it, but will hold it in abeyance until a decision is reached in state court regarding the validity of LG&E's claim of eminent domain. In this way, Bernheim does not have a "direct and material interest in the outcome" of the claim over which the Court will retain jurisdiction. *See id*; *see also* Fed. R. Civ. P. 19. As Bernheim points out in its response, "[w]hether or not LG&E has power of eminent domain to take this property is at the heart of the case, and the property rights of Bernheim, the fee simple owner, are essential to

that determination." However, since this Court will not decide that substantive issue, maintaining Bernheim as a defendant in federal court is unnecessary.

## IV.  CONCLUSION

For the reasons stated herein, motion of USFWS for severance and partial remand, DN 7, will be granted by separate order.

March 18, 2021

Charles R. Simpson III, Senior Judge
United States District Court